```
                   DISTRICT COURT OF THE VIRGIN ISLANDS
                     DIVISION OF ST. THOMAS AND ST. JOHN

HAROLD FIGUEROA and JOSE FIGUEROA,   )
                                     )
          Plaintiffs,                )
                                     )
     v.                              )
                                     )
BONNEVILLE CONTRACT AND TECHNOLOGY   )
GROUP, INC., BONNEVILLE GROUP VIRGIN )
ISLANDS CORPORATION, and VIRGIN      )
ISLANDS TELEPHONE CORPORATION,       )
                                     )
          Defendants.                )   Civil No. 2014-78
                                     )
```

ATTORNEYS:

**Andrew R. Duffy, Esq.**
**Jeffrey P. Goodman, Esq.**
**Robert J. Mongeluzzi, Esq.**
Saltz, Mongeluzzi, Barrett & Bendesky, P.C.
Philadelphia, PA
**Ryan W. Greene, Esq.**
St. Thomas, VI
  *For plaintiffs,*

**Emily A. Shoup, Esq.**
Law Office of Andrew C. Simpson
St. Croix, VI
  *For defendants Bonneville Contracting & Technology Group,*
  *Inc. and Bonneville Group Virgin Islands Corp.,*

**Douglas L. Capdeville, Esq.**
Law Offices of Douglas L. Capdeville
St. Croix, VI
  *For defendant Virgin Islands Telephone Corp.*

## ORDER

  Before the Court is the motion of the defendant Bonneville Group Virgin Islands Corp. for summary judgment.

Case: 3:14-cv-00078-CVG-RM   Document #: 83   Filed: 08/20/15   Page 2 of 6

*Figueroa et al. v. Bonneville Contract & Tech. Grp. et al.*
Civ. No. 2014-78
Order
Page 2

## I. FACTUAL AND PROCEDURAL HISTORY

As this order is written primarily for the parties, who are familiar with the facts underlying this litigation, the Court will only recite those facts necessary to disposition of the instant motion.

On September 26, 2014, Harold Figueroa and Jose Figueroa (collectively the "Figueroas") filed a complaint in this matter. The complaint alleges negligence against all defendants and negligent infliction of emotional distress against all defendants. Each of the defendants appeared and answered. Thereafter, the Court entered a trial management order. The trial management order instructed the parties to complete fact discovery, including depositions, by September 4, 2015. The plaintiffs and defendants were ordered to complete expert disclosures by October 5, 2015, and December 4, 2015, respectively. Discovery should be concluded in its entirety by February 15, 2016. Finally, the parties were instructed to file any dispositive motions by April 1, 2016.

Before the deadline for fact discovery had passed, on March 31, 2015, Bonneville Group Virgin Islands Corp. ("BGVI") filed the instant motion for summary judgment. BGVI contends that the claims against it are barred by the Worker's Compensation Act. The Figueroas oppose the motion, and ask the Court to deny the

Case: 3:14-cv-00078-CVG-RM   Document #: 83   Filed: 08/20/15   Page 3 of 6

*Figueroa et al. v. Bonneville Contract & Tech. Grp. et al.*
Civ. No. 2014-78
Order
Page 3

motion for summary judgment as premature because discovery has not yet been completed. Fact discovery is ongoing, and the parties have scheduled several depositions.

## II. DISCUSSION

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Hersh v. Allen Products Co.*, 789 F.2d 230, 232 (3d Cir. 1986).

The movant has the initial burden of showing there is no genuine issue of material fact, but once this burden is met it shifts to the non-moving party to establish specific facts showing there is a genuine issue for trial. *Gans v. Mundy*, 762 F.2d 338, 342 (3d Cir. 1985). The non-moving party "may not rest upon mere allegations, general denials, or . . . vague statements . . . ." *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991). "[T]here is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the

Case: 3:14-cv-00078-CVG-RM   Document #: 83   Filed: 08/20/15   Page 4 of 6

*Figueroa et al. v. Bonneville Contract & Tech. Grp. et al.*
Civ. No. 2014-78
Order
Page 4

matter but to determine whether there is a genuine issue for trial." *Id*. In making this determination, this Court draws all reasonable inferences in favor of the non-moving party. *See Bd. of Educ. v. Earls*, 536 U.S. 822, 850 (2002); *see also Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994).

### III. ANALYSIS

The court is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *see also Costlow v. United States*, 552 F.2d 560, 563-64 (3d Cir.1977). If, however, a party opposing a summary judgment motion believes that s/he needs additional time for discovery, Rule 56(f) of the Federal Rules of Civil Procedure specifies the procedure to be followed. Rule 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

This court has interpreted Rule 56(f) as imposing a requirement that a party seeking further discovery in response to a summary judgment motion submit an affidavit specifying, for example, what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained.

*Dowling v. City of Philadelphia*, 855 F.2d 136, 139-40 (3d Cir. 1988). Rule 56 has been amended since the *Dowling* Court expounded upon it, but the essential requirements remain the same. *See* Fed. R. Civ. P. 56(d)("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may defer considering the motion or deny it[.]")

    Counsel for the Figueroas submitted a declaration in which he stated that fact discovery is necessary in order for him to meet the arguments raised by BGVI. Specifically, he requires information regarding Harold Figueroa's employment arrangements and any contracts between the various defendants regarding the work that Harold Figueroa was performing when he was injured. Such information is necessary, counsel argues, in order to determine if any defendant was Harold Figueroa's employer for purposes of the Worker's Compensation Act.

    Given the Figueroas' need to complete fact discovery in order to obtain specific information that will allow them to respond to the motion for summary judgment, the Court will deny the motion as premature. *See Lanning v. Se. Pennsylvania Transp. Auth.*, 176 F.R.D. 132, 145 (E.D. Pa. 1997)("Because fact discovery is still under way and expert discovery has not even started, SEPTA's motion for summary judgment is denied as

*Figueroa et al. v. Bonneville Contract & Tech. Grp. et al.*
Civ. No. 2014-78
Order
Page 6

premature."); *see also Costlow v. United States*, 552 F.2d 560, 564 (3d Cir. 1977)("[W]e have said that where the facts are in possession of the moving party a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course.")

    The premises considered, it is hereby

    **ORDERED** that BGVI's motion for summary judgment is **DENIED without prejudice.**


                                             S\_____
                                                **CURTIS V. GÓMEZ**
                                                **District Judge**