IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| HAROLD FIGUEROA AND JOSE FIGUEROA,<br><br>Plaintiffs,<br>v.<br><br>BONNEVILLE CONTRACTING &<br>TECHNOLOGY GROUP, INC. A/K/A<br>BONNEVILLE CONSTRUCTION, *et al.*,<br><br>Defendants. | Civil No.  2014-78 |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is the Bonneville defendants' motion [DE 217] to stay the operation of this Court's Order of July 8, 2016 [DE 210] granting the plaintiffs' Motion to Compel the production of certain video surveillance footage of plaintiff Harold Figueroa.  Plaintiffs oppose the stay [DE 221], and the Bonneville defendants have filed a reply [DE 222].

In deciding whether to stay proceedings pending an appeal, the Court must consider four factors:  "(1) whether the stay applicant made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will suffer irreparable injury absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."[1]

First, although the Bonneville defendants obviously disagree with the result, they do not make a "strong showing" that they are likely to succeed on the merits of their objections.  They argue principally that they have meritorious objections, which closely track the arguments they

---

[1] See, e.g., S. New Eng. Tel. Co. v. Global NAPs, Inc., 2007 U.S. Dist. LEXIS 79729, *3-4 (D.V.I. Oct. 26, 2007) (citations omitted).

*Figueroa v. Bonneville Contracting & Technology Group, Inc.*
Civil No. 2014-78
Memorandum Opinion and Order
Page **2** of **2**

initially made in opposition to the motion to compel, but they do not make a strong showing that the decision was clearly erroneous or contrary to law.

With respect to the irreparable harm factor, the Bonneville defendants argue that once they are required to turn over the video, they will be frustrated in their desire to impeach Harold Figueroa, as the element of surprise will be defeated absent a stay. While it is true that the defendants may not be able to achieve the maximum "gotcha" effect, the existence of the video will likely insure that plaintiff Harold Figueroa does not overreach in his testimony regarding his physical limitations and damage.

Next, the Court considers whether other parties may be harmed by a stay. Given the rather tight schedule leading to trial in this matter, all parties may incur some injury should any portion of the case be stayed, and the schedule disrupted. Moving the case forward is in the parties' interest. Finally, the public interest plainly lies in favor of moving this case toward prompt resolution as well, and in supporting the free exchange of information and evidence in discovery as an avenue toward finding the truth.

The Bonneville defendants have not made the requisite showing necessary to merit a stay of the Order; however, they may apply to the District Court for such relief. As a result, it is hereby ORDERED that the motion to stay is GRANTED IN PART AND DENIED IN PART AS FOLLOWS: The motion to stay is denied, but the deadline to turn over the video surveillance to plaintiffs is extended to July 20, 2016, at 5:00 p.m.

**Dated:** July 18, 2016                        S\_____
                                                            **RUTH MILLER**
                                                            United States Magistrate Judge