## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| HAROLD FIGUEROA AND JOSE FIGUEROA, )<br>)<br>)  Civil No. 2014-78<br>Plaintiffs, )<br>v. )<br>)<br>BONNEVILLE CONTRACTING & )<br>TECHNOLOGY GROUP, INC. A/K/A )<br>BONNEVILLE CONSTRUCTION, *et al*., )<br>)<br>Defendants. )<br>_____) | |

### MEMORANDUM OPINION

Before the Court is the Emergency Motion for Protective Order filed by defendants Bonneville Contracting and Technology Group, Inc. and Bonneville Group Virgin Islands (the "Bonneville defendants")[1] to preclude certain depositions plaintiffs noticed for August 1 and 12, 2016. [DE 236]. Plaintiff opposes the motion [DE 240], and the Bonneville defendants filed a reply. [DE 241]. The Court held a hearing on the motion on July 29, 2016, and ruled from the bench in favor of the Bonneville defendants and Vitelco with respect to the deposition of Dr. Michael Marino. For the reasons that follow, this Court also enters a protective order with respect to the deposition of Dr. Wesley Chay.

### I. BACKGROUND

As the Court writes for the parties, the background will include only such facts as are required to decide the motion. Plaintiff Harold Figueroa[2] was allegedly injured in a work-related fall in September 2013. He alleges he sustained catastrophic brain and spinal injuries, and claims

---

[1] Defendant VITELCO joined in the motion. [DE 238].

[2] Plaintiff Jose Figueroa also was allegedly injured as a result of the same incident. Compl. [DE 1] at ¶¶ 19-20.

*Figueroa v. Bonneville Contracting & Technology Group, Inc.*
Civil No. 2014-78
Memorandum Opinion
Page **2**

he needs skilled care for his daily needs, and will not likely be able to return to work at any time. Plaintiffs filed suit in this matter on September 26, 2014, naming several entity defendants involved in the project on which plaintiffs were working at the time of the incident. Compl. [DE 1].

This Court has entered several scheduling orders in this matter. On September 22, 2015, the Court set a discovery cut-off date of April 15, 2016, and a trial date of August 15, 2016. [DE 92]. By Order dated November 30, 2015, the Court provided that plaintiffs were to disclose experts by December, 24, 2015, and defendants by February 24, 2016. [DE 115].

At a mediation on May 16, 2016, the Bonneville defendants revealed to plaintiffs that they had video surveillance footage of Harold Figueroa, but did not show the footage to plaintiffs. [DE 191] at p. 4. Plaintiffs moved to compel the Bonneville defendants to produce the video, and this Court granted the motion on July 8, 2016. [DE 210]. The Bonneville defendants sought and were granted a stay of that order from the District Court. [DE 226, dated July 20, 2016].[3] On July 19, 2016, plaintiffs noticed the "trial deposition" of Dr. Michael Marino, for August 12, 2016, at 3:30 p.m., in Pennsylvania. [DE 224]. On July 22, 2016, they noticed the "trial deposition" of Dr. Wesley Chay, for August 1, 2016, in Pennsylvania. [DE 233]. The instant motion for protective order followed on July 25, 2016.

## II.  LEGAL STANDARDS[4]

A court manages its cases and controls the scheduling of discovery activities in part by

---

[3]    The District Court vacated the stay order as of 12:00 p m. on August 3, 2016. [DE 280].

[4]    On December 1, 2015, certain amendments to Rule 26 went into effect, but for purposes of the issue presently before the Court, the amendments do not substantively change the analysis that this Court must perform.

*Figueroa v. Bonneville Contracting & Technology Group, Inc.*
Civil No. 2014-78
Memorandum Opinion
Page **3**

entering scheduling orders under Federal Rule of Civil Procedure 16(b). Fed. R. Civ. P. 16(b). Such orders may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

Federal Rule of Civil Procedure 6 allows a court for good cause to extend the time for an act to be done (1) if "the request is made [] before the original time or its extension expires," or (2) when a motion is made beyond the specified deadline "if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1). "The phrase 'excusable neglect' 'encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness.'" *Glasgow v. Veolia Water N. Am.,* 2011 U.S. Dist. LEXIS 87292, at *9-10 (D.V.I. Aug. 5, 2011) (quoting *Pioneer Inv. Servs. v. Brunswick, 507 U.S. 380, 388* (1993), and finding a delay of a few days due to a miscommunication between counsel and staff was a "close call" but was excusable). The "excusable neglect" inquiry depends on all of the relevant circumstances. *In re O'Brien Env. Energy, Inc., 188 F.3d 116, 125 (3d Cir. 1999)* (citing *Pioneer, 507 U.S. at 395*).

While some courts distinguish between discovery depositions, which must be completed before any discovery deadline, and trial depositions, which may be taken after the close of discovery,[5] the Federal Rules of Civil Procedure make no such distinction. *See* Fed. R. Civ. P.

---

[5] *See, e.g., RLS Associates, LLC v. United Bank of Kuwait,* 2005 WL 578917, at *6 (S.D.N.Y. Mar. 11, 2005) ("the majority of courts" have made what "can only be described as a federal common law distinction between "discovery depositions" and "trial depositions" (or alternatively, "preservation depositions"), and have held the latter category permissible even after the discovery deadline had passed."); *see also Rains v. Bnsf Ry. Co.*, 2010 U.S. Dist. LEXIS 143225 *2 (N.D. Tex. Apr. 1, 2010) (where "a witness cannot appear due to an unforeseen circumstance such as illness, courts allow depositions beyond the discovery deadline to preserve the witness's testimony for trial"); *Spangler v. Sears, Roebuck & Co.*, 138 F.R.D. 122, 124 (S.D. Ind. 1991) (finding that after the discovery cut-off a party may not engage in any further discovery, but the discovery cut-off "does not prevent a party from memorializing a witness' testimony in order to offer it at trial."); *Estenfelder v. Gates Corp.*, 199 F.R.D. 351, 354 (D. Colo. 2001) (trial depositions are not discovery depositions).

*Figueroa v. Bonneville Contracting & Technology Group, Inc.*
Civil No. 2014-78
Memorandum Opinion
Page **4**

30.[6]  With respect to the scheduling of depositions, it has long been the position of this Court that the unilateral scheduling of depositions is disfavored. *Simmons v American Airlines, Inc.*, 2003 WL 22768258 (D.V.I. Nov. 7, 2003). Federal Rule of Civil Procedure 26(c) permits parties to seek an order precluding certain discovery, including depositions, and to protect such parties from "undue burden or expense." Fed. R. Civ. P. 26(c). A party seeking a protective order must demonstrate good cause for such an order. *Id.*

Finally, where a witness is "unavailable," the witness' deposition may be used at trial. Fed R. Civ. P 32(a)(4). The published Policies and Procedures of the district court trial judge provide, however, that where a witness is to appear at trial by deposition transcript or by videotape, designations of the relevant testimony must be provided to the other parties no later than two weeks prior to trial, so that counter-designations may be made and any evidentiary disputes can be resolved in advance of trial.[7]

### III.  DISCUSSION

Turning to the instant case, the Court first notes that the proposed depositions are of one of plaintiff Harold Figueroa's treating physicians (Marino)[8], and an expert (Chay) plaintiffs had

---

[6]  *In re Tutu Water Wells Contamination Cercla Litig.*, 189 F.R.D. 153, 157, 1999 U.S. Dist. LEXIS 10139 (D.V.I. Jun. 16, 1999) ("this Court is unable to recognize a distinction between a *de bene esse* deposition and one used for discovery."). *See also Harris v. CRST VAN Expedited, Inc.*, 2015 U.S. Dist. LEXIS 6619 (N.D. Iowa Jan. 21, 2015) (barring depositions from use at trial where plaintiff deposed his own doctors outside the discovery period and without the presence of defense counsel)); *Settles v. Livengood*, 2015 U.S. Dist. LEXIS 57833 (E.D. Mo. May 4, 2015) ("[T]here is no right to a 'trial deposition' separate and apart from the 'deposition' rules expressly found in Rules 30 through 32. Parties who make the tactical decision not to preserve deposition testimony during the discovery phase take the risk that the testimony will not be presented if the witness is unable or unwilling to appear at trial.")

[7]  *See* Section III. L. 5-6, The Hon. Curtis V. Goméz, *Policies and Procedures* (Feb. 2, 2016), http://www.vid.uscourts.gov/sites/vid/files/CVG_Policies_and_Procedures.

[8]  Plaintiffs apparently did not specifically identify Dr. Marino as a witness, although his name did appear in

*Figueroa v. Bonneville Contracting & Technology Group, Inc.*
Civil No. 2014-78
Memorandum Opinion
Page **5**

timely disclosed. Both doctors are located in Pennsylvania and neither was deposed within the discovery period, which ended on April 15, 2016. Plaintiffs at no time sought to extend that deadline. Nevertheless, at the July 29, 2016 hearing on the instant motion, plaintiffs argued that they had good cause to proceed with these depositions in order to rebut the video surveillance material. This is so, plaintiffs contend, even though neither counsel, nor the prospective witnesses, had seen the footage.

Efforts by the Court at the hearing to discover what questions might be asked of the doctors that related to the video evidence -- the contents of which was unknown to them -- produced no satisfactory explanation. Further, when it became clear that Dr. Marino had only seen Harold Figueroa one time, in 2013, the Court concluded that whatever Dr. Marino could offer regarding plaintiff's current condition had to be miniscule at best and at worst, an undisclosed expert opinion. That, coupled with the fact that plaintiffs had unilaterally scheduled Dr. Marino's deposition for the afternoon of August 12 in Pennsylvania, with trial scheduled to begin on St. Thomas on August 15, 2016, led the Court to grant the protective order from the bench with respect to Dr. Marino.

Dr. Wesley Chay presents additional considerations. Plaintiffs timely disclosed him as an expert witness and furnished a report of his opinions. Because Dr. Chay's trial deposition was noticed for August, 1, 2016, even from a distance, the parties could have more readily accomplished taking his trial deposition in the time remaining before trial, and the equities may have supported allowing an opportunity to preserve his testimony. However, even though the Bonneville defendants had raised the issue regarding Dr. Chay's sudden lack of availability in their

---

one medical record that plaintiffs produced.

*Figueroa v. Bonneville Contracting & Technology Group, Inc.*
Civil No. 2014-78
Memorandum Opinion
Page **6**

briefs,[9] plaintiffs were wholly unable to explain why Dr. Chay was suddenly "unavailable" to testify in person at trial. Apart from a vague reference to a "recent" notification of his unavailability, no more specific explanation was offered. And, while the Court took the motion under advisement at the hearing and waited until the end of the day to issue a ruling, plaintiffs made no effort to supplement the record with any more information regarding Dr. Chay's unavailability. As a result, the Court concludes that the Bonneville defendants and Vitelco have shown good cause for the issuance of a protective order barring the late deposition, and plaintiffs have failed to undermine this showing.

**Dated:** August 3, 2016                              S\_____
                                                                    **RUTH MILLER**
                                                                    United States Magistrate Judge

---

[9] Defs.' Reply to Opp'n [DE 241] at p. 4 (there is a "lack of any evidence that Dr. Chay's lack of availability for trial is a recent occurrence.").